■ In the Matter of the Claim of LORRAINE ANDREWS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 26, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that she lost her employment because of misconduct in connection therewith. The record contains substantial evidence to sustain the decision of the Unemployment Insurance Appeal Board. Decision affirmed, without costs. Sweeney, Kane and Main, JJ., concur; Greenblott, J. P., and Herlihy, J., dissent and vote to reverse in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). We dissent. Claimant was a switchboard operator at a hotel, who played poker on one occasion for small stakes with a fellow employee during her lunch hour. The board has found that gambling on the employer's premises constituted misconduct. However, there is no evidence that claimant's gambling was of an illegal nature, that there were any rules or policies of the employer known to claimant prohibiting such activities during her off-duty time, or that claimant's activities were observable to clients of the employer or in any other manner were detrimental to the employer's interest (cf. *Matter of Kaplan [Levine]*, 47 AD2d 780, where gambling was contrary to established policy and known to claimant). We are, therefore, of the view that this isolated incident does not rise to the level of misconduct and vote to reverse the determination of the board.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE HOFFMAN, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered September 4, 1975, upon a verdict convicting defendant of the crime of forgery in the second degree. Defendant was sentenced to a term of imprisonment of zero to four years following his conviction after a jury trial for the crime of forgery in the second degree. We have reviewed the *Huntley* hearing and have determined that the finding of the trial court that defendant's statement was voluntarily made was proper under all the facts and circumstances. Furthermore, we find no error in the ruling of the trial court which would have permitted the prosecution to cross-examine the defendant, had he testified, concerning specific prior convictions. Likewise, we find that the sentence imposed upon the defendant was not excessive. We have examined the remainder of defendant's contentions and find them to be without merit. Judgment affirmed. Greenblott, J. P., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.